**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROBERT HOUCK, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STATEWIDE CREDIT ASSOCIATION INC.<br><br>Defendant. | Case No. 1:19-cv-00234 |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, ROBERT HOUCK, individually, and on behalf of all others similarly situated, through counsel, SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23, complaining of Defendant, STATEWIDE CREDIT ASSOCIATION INC., as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. ROBERT HOUCK ("Plaintiff") is a natural person, who at all times relevant resided in this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. STATEWIDE CREDIT ASSOCIATION INC. ("Defendant") provides accounts receivable management and collection services. Its products and services include collections, pre-collect, contingency collections, litigation services, skip-tracing, credit reporting, and training programs. The company also offers client access Web, which enables users to run standard reports; create custom reports; post payments; place bad debts; obtain recovery statistics; view recent placements; and use messaging capabilities. It serves medical, utility, retail, and commercial organizations; financial institutions; school corporations; and other organizations that extend credit. The company was founded in 1968 and is based in Indianapolis, Indiana. As of December 20, 2011, Statewide Credit Association Inc. operates as a subsidiary of Receivables Management Partners, LLC.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff sought medical treatment from HRH Medical Group.

9. Plaintiff agreed to be financially responsible to HRH Medical Group for $70.00.

10. This amount is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. As result of nonpayment, HRH Medical Group referred Plaintiff's account to Defendant for collection.

12. On December 19, 2018, Defendant mailed Plaintiff an initial written communication stating:

> "Please mail your payment with the payment coupon below, to our office at the address listed above."

13. Defendant's address was listed above as 8085 Knue Road, Indianapolis, Indiana 46250-2054.

14. This letter also included a payment coupon with instructions to send payment directly to HRH Medical Group, 1100 Southfield Drive, #1370, Plainfield, Indiana 46168.

15. Two (2) different payment addresses on this letter confused Plaintiff as he did not know where to send payment.

16. This Letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2) as it conveys information regarding the debt directly to Plaintiff.

17. By transmitting this Letter to Plaintiff, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

### INDIVIDUAL CLAIMS FOR RELIEF

### Count I:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. §§ 1692e and e(10)

19. Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Collection letters violate 15 U.S.C. § 1692e if the notices contain language that contradicts other language. *See Clomon v. Jackson*, 988 F.2d 1314, 1319 (2nd Cir. 1993)

21. Defendant's letter is confusing as it provided two (2) different addresses that Plaintiff should send payments – causing Plaintiff to question as to what address to send payments to; therefore, violating 15 U.S.C. §§ 1692e and e(10).

22. Although the word "confusing" does not appear in the applicable statutory text, the Seventh Circuit has interpreted the FDCPA to prohibit confusing presentations. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 343 (7th Cir. 2018); *Sims v. GC Servs.*, 445 F.3d 959, 963 (7th Cir. 2006) (A collection letter must be presented in a nonconfusing manner); *see also Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 948 (7th Cir. 2004) (A debt collector must present language in a collection letter "clearly enough that the recipient is likely to understand it.").

23. In determining whether a letter violates the FDCPA, the Seventh Circuit asks whether someone of modest education and limited commercial savvy would likely be deceived by the letter. Under this standard, a letter might literally be true, but still misleading or confusing. CITE

24. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(1) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e and e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

26. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A. Numerosity.**

27. Defendant mailed letters with an identical format as this letter to Indiana consumers on no less than 40 occasions.

28. The exact number of members of the Putative Class are unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable.

**B. Typicality.**

29. Plaintiff's claims are representative of the claims of other members of the Putative Class.

30. Defendant's business records will show that they mailed letters containing identical conflicting payment addresses to Indiana consumers.

31. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

### C. Commonality and Predominance.

32. There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

33. These common questions of fact and law are whether the confusing nature of the language in the letter and where a payment should be directed would be enough to trip up a least sophisticated consumer.

34. These common questions of fact and law are subject to common proof through review of Defendant's business records.

35. These common questions of fact and law are answerable for the entirety of the Putative Class.

36. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

### D. Superiority and Manageability.

37. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

38. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

39. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

40. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation.

41. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

42. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

43. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*

44. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

45. Defendant's letter is confusing as it provided two (2) different addresses that Members of the Putative Class should send payments to– causing Members of the Putative Class to question as to what address to send payments to; therefore, violating 15 U.S.C. §§ 1692e and e(10).

46. The confusing nature of the language in the letter and where a payment should be directed to is enough to trip up a least sophisticated consumer.

47. As set forth above, Plaintiff can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

48. The Putative Class is defined as follows:

> All natural persons residing in the State of Indiana who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter that contained two (2) different payment addresses as the letter attached hereto as Exhibit A (c) for purposes of collection upon a consumer debt.

49. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiff and Counsel for Defendant.

50. Members of the Putative Class will be identified through discovery of Defendant's business records.

51. Members of the Putative Class may enforce the provisions of 15 U.S.C. §§ 1692e and e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B)    in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, on behalf of members of the Putative Class requests the following relief:

A.    an order granting certification of the proposed class, including the designation of Plaintiff as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B.    a finding that Defendant violated 15 U.S.C. §§ 1692e and e(10);

C.    an order enjoining Defendant from further violations of 15 U.S.C. §§ 1692e and e(10);

D.    an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E.    an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F.    an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

January 24, 2019                                                  Respectfully submitted,

                                                                       */s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Robert Houck*